UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL OPORTO,**

    **Plaintiff,**

vs.                                    **CASE NO.**

**DELOITTE, LLP and**
**METROPOLITAN LIFE INSURANCE**
**COMPANY,**

    **Defendants.**

_____

## COMPLAINT

COMES NOW the Plaintiff, MICHAEL OPORTO, ("Oporto"), by and through the undersigned attorney, and sues the Defendants, DELOITTE, LLP ("Deloitte") and METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and alleges as follows:

### GENERAL ALLEGATIONS

1. In this action, Plaintiff seeks the payment of disability benefits.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. ERISA provides for nationwide service of process. 29 U.S.C. §1132(3)(2).

4. This Court has venue pursuant to 29 U.S.C. §1132(e)(2). In particular, in ERISA actions, venue is proper where a defendant resides or may be found. Here, MetLife can be found in the state of Florida as well as in the county of Hillsborough. MetLife is an authorized insurer in the state of Florida and has agents in Hillsborough County, Florida. Likewise, Deloitte can also be found in the state of Florida as well as in the county of Hillsborough. See composite Exhibit "A" attached hereto.

5. Oporto is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

6. Oporto was an employee of Deloitte ("Deloitte" or "Employer") and as such he was insured through a short term disability ("STD") Plan as well as a long term disability ("LTD") Plan.

7. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plans providing STD benefits and LTD benefits.

8. The STD Plan and the LTD Plan provide benefits to those participants who satisfy the terms and conditions of the Plans to receive such benefits.

9. The LTD Plan is a welfare benefit plan established under Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq. Accordingly, Oporto's claim for LTD benefits is an action for relief under ERISA.

10. On the other hand, Oporto's claim for STD benefits is an action excluded from coverage under ERISA as the plan providing such benefits is a salary continuation plan/payroll practice not governed by ERISA. 29 C.F.R. §2510.3-1(b)(2). In particular, upon information and belief, the STD Plan is funded by Deloitte which pays benefits out of its general assets

11. This Court has jurisdiction of the claim under the LTD Plan pursuant to 29 U.S.C. §1132(e).

12. This Court has supplemental jurisdiction of the claim under the STD Plan pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction).

13. A copy of what purports to be the STD Plan document and/or Summary Plan Description ("SPD") is attached hereto as Exhibit "B." A copy of the applicable LTD Plan document is in possession of the Defendants.

14. MetLife is the claims administrator for both the STD Plan and the LTD Plan. Moreover, it provides the "full and fair" final review of claims under the STD Plan and the LTD Plan. Finally, MetLife insures the payment of benefits under the LTD Plan.

15. MetLife denied and/or terminated Oporto's STD claim finding that he was not disabled under the terms of the STD Plan. After appealing the STD claim decision, MetLife upheld its decision terminating and/or denying benefits via letter dated December 12, 2019

16. Oporto attempted to file a separate claim for LTD benefits. MetLife advised that he was not entitled to claim LTD benefits as he had not received all STD benefits. See email from MetLife dated May 11, 2020 attached hereto as Exhibit "C."

17. Therefore, pursuant to 29 C.F.R. §2560.503-1(l)(2)(i), MetLife's decision on the LTD claim is deemed denied as the LTD Plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. In the alternative, MetLife's decision with respect to the STD claim also acts as a final denial of Oporto's LTD claim given MetLife's refusal to accept a separate LTD claim.

18. With respect to the claims made herein, Oporto has exhausted his administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Oporto incorporates the allegations contained in paragraphs 1 through 18 above, and further states:

3

19. This Count is brought against MetLife only as the insurer of the LTD Plan.

20. The LTD Plan provided for the payment of LTD benefits in the event Oporto became disabled as defined in the LTD Plan. The LTD Plan also provided for the continuation of other benefits in the event of disability. The other benefits are described with particularity in the applicable plan documents for those plans.

21. Oporto was and is disabled as defined by the LTD Plan at all times material hereto.

22. Oporto made a claim for LTD Plan benefits. Said claim for benefits was terminated or denied.

23. Oporto is entitled to LTD Plan benefits.

24. MetLife has failed and refused to pay Oporto sums due pursuant to the terms of the LTD Plan, breaching the terms of said LTD Plan.

25. Because of the failure to pay benefits pursuant to the terms of the LTD Plan, Oporto has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee. Oporto is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Oporto, prays for relief from defendant, MetLife, for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

## COUNT II
### (Action for STD Plan Benefits – Breach of Contract)

Oporto incorporates the allegations contained in paragraphs 1 through 18 above, and further states:

26. This Count is brought against Deloitte, the funding source for the STD Plan and against MetLife as claim administrator who made the final decision with respect to the STD claim.

27. Oporto initially became disabled while employed and eligible for STD benefits under the STD Plan. In particular, he became disabled on or about April 19, 2019. Benefits were denied.

28. Oporto has been and continues to be disabled as defined by the STD Plan and is entitled to additional STD benefits which Defendants have refused to pay. Upon information and belief the maximum period of STD benefits should have expired on or about October 18, 2019. Oporto remained disabled up through and beyond that date.

29. Deloitte and/or its claims administrator MetLife have continued to refuse to pay all STD Plan benefits to which Oporto is entitled.

30. Deloitte and/or its claim administrator MetLife's refusal to pay all STD Plan benefits to Oporto is a breach of contract and the terms of Oporto's employment.

31. Deloitte and/or its claim administrator MetLife has failed to pay the statutory interest penalties and the statutory attorney's fees required by law.

32. Oporto has complied with all conditions precedent to recovery and to filing this lawsuit or such conditions precedent have been excused or waived.

33. Oporto remains fully prepared to comply with his obligations pursuant to the STD Plan.

34. Because of the failure to pay benefits pursuant to the terms of the STD Plan, Oporto has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.

WHEREFORE, plaintiff, Oporto, prays for relief from defendants, Deloitte and MetLife for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  July 31, 2020

                                                      _/s/Gregory D. Swartwood_
                                                      Gregory D. Swartwood, Esquire
                                                      Florida Bar No. 858625
                                                      The Nation Law Firm, LLP
                                                      570 Crown Oak Centre Drive
                                                      Longwood, FL  32750
                                                      Telephone:  (407) 339-1104
                                                      Facsimile:  (407) 339-1118
                                                      E-Mail:  gswartwood@nationlaw.com
                                                      Attorneys for Plaintiff